UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION


**ANTHONY NELSON**               ]
    **Plaintiff,**           ]
                                 ]
**v.**                           ]     No. 2:14-0050
                                 ]     Judge Sharp
**W.B. MELTON, et al.**          ]
    **Defendants.**          ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County; Shannon Harvey, Administrator of the Overton County Jail; and two members of the staff at the Overton County Jail; seeking damages.

According to the complaint, the plaintiff was transferred out of the Overton County Jail on May 13, 2013. Before he left, the defendants allegedly confiscated his legal papers so that he was unable to pursue two appeals in federal court.

The complaint is considered filed on the date that the plaintiff placed it in the prison postal system for mailing. Houston v. Lack, 487 U.S. 266 (1988). Presumably that date is the same date that it was signed by the plaintiff. Both the complaint and plaintiff's application to proceed in forma pauperis are dated

May 20, 2014.

The plaintiff's claims arose prior to his transfer out of the Overton County Jail on May 13, 2013. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that the plaintiff has failed to state a claim upon which relief can be granted because this action is untimely. Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge